## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**CARLA BATES,**

     **Plaintiff,**

                               **Case No.:**

**vs.**

**ADVENTIST HEALTH SYSTEM, d/b/a
AdventHealth, a Florida Not For Profit
Corporation,**

     **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CARLA BATES (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, and files this Complaint against Defendant, ADVENTIST HEALTH SYSTEM, d/b/a AdventHealth (hereinafter referred as "AdventHealth" or "Defendant"), pursuant to the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act and in support of states as follows:

## INTRODUCTION

1.     This is a disability and pregnancy discrimination case brought by Plaintiff, pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*., as amended by the ADA Amendments Act of 2008 ("ADA") and Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act and seeks damages, including back pay, liquidated damages, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as her attorneys' fees and costs.

**JURISDICTION**

2.      The acts and omissions giving rise to this action occurred in Orange County,

Florida.

3.      Plaintiff was employed by Defendant in Orlando, Florida.

4.      This is an action at law raises a federal question under federal law, specifically

the ADA and Title VII. This Court has jurisdiction over this matter pursuant to 28 U.S.C.

§1331.

**VENUE**

5.      Venue is proper in the United States District Court for the Middle District of

Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions

giving rise to the claims occurred within this District and the Defendants maintain

headquarters in Altamonte Springs, Florida.

**PARTIES**

6.      Plaintiff began working for Defendant on or around June 2016.

7.      Defendant was responsible for compensating Plaintiff in exchange for the

work and hours worked by Plaintiff.

8.      At all times material, Plaintiff was an "employee" of Defendant as defined by

42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

9.      Plaintiff is protected by the ADA because at the time she was pregnant,

therefore, either:

       a.      Was suffering "a physical or mental impairment that
substantially limits one or more her major life activities," as envisioned by 42
U.S.C. § 12102 (1)(A);

       b.      Had "a record of such an impairment" because of her required

medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

     c.    Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

10.    Defendants are Florida Not for Profit Corporation which operates several hospitals.

11.    At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

12.    In 2016, Defendants had 75 or more employees for each working day in each of the 20 or more calendar weeks.

13.    In 2017, Defendants had 75 or more employees for each working day in each of the 20 or more calendar weeks.

14.    In 2018, Defendants had 75 or more employees for each working day in each of the 20 or more calendar weeks.

15.    At all times relevant, Defendants were an "employer" as defined by 42 U.S.C. § 1211(5).

16.    At all times relevant, Plaintiff was an "employee" as defined by 42 U.S.C § 1211(4).

17.    At all times relevant, Plaintiff was a "qualified individual" as defined by 42 U.S.C § 1211(8).

## FACTUAL ALLEGATIONS

18.    Plaintiff was hired as Grill Cook on or about June 21, 2016.

19.    On or about February 2018 Plaintiff informed Defendant that she was pregnant.

20.     Plaintiff also informed Defendant due to her pregnancy, Plaintiff was physically impaired such that she could not continue without physical limitations.

21.     Plaintiff's doctors placed her on light duty work restrictions which included no lifting over 25 pounds.

22.     Plaintiff was told by her doctors that she could continue working and did not need to go on leave.

23.     Plaintiff requested an accommodation due to her work restrictions.

24.     Instead of accommodating her medical condition, Defendant placed Plaintiff on FMLA leave.

25.     Defendant had work available for Plaintiff within her work restrictions.

26.     Defendant could have accommodated Plaintiff's accommodation request for Plaintiff and allowed Plaintiff to continue working as a cook or cashier.

27.     Once her FMLA was exhausted, Plaintiff was placed on Leave of Absence until October 2018.

28.     While on leave Plaintiff was never offered any positions that were available which would allow her to return to work with her work restrictions.

29.     On August 27, 2018, Plaintiff filed an EEOC charge regarding her ADA and pregnancy discriminatory.

30.     Defendants violated Plaintiff's statutory rights to be free of disability discrimination and retaliation in the workplace by: (1) placing Plaintiff on FMLA leave; and/or (2) once her FMLA leave was exhausted she was placed on a Leave of Absence.

31.     At no time during her employment did Defendants counsel or otherwise discipline Plaintiff for failure to meet her job duties.

32.     Defendants' actions violate the provisions of 42 U.S.C. § 1211(5).

33.     Defendants' actions violate the provisions of 42 U.S.C § 1211(4).

34.     Defendants' actions violate the provisions of 42 U.S.C § 1211(8)

35.     Defendants' actions constitute discrimination in violation of the ADA.

36.     Defendants' actions constitute retaliation in violation of the ADA.

## COUNT I
## DISABILITY DISCRIMINATION

37.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 36 above.

38.     Plaintiff was a qualified individual with a disability.

39.     Plaintiff was perceived as disabled by Defendants.

40.     Defendant was Plaintiff's employer as defined by the ADA-AA.

41.     Defendant discriminated against Plaintiff because of her disability in violation of the ADA-AA.

42.     Defendant was Plaintiff's employer as defined by the ADA-AA.

43.     Defendant discriminated against Plaintiff because she exercised her rights under the ADA-AA.

44.     Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct.

45.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privilege of Plaintiff's employment.

46.     Defendants' conduct violated plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADA-AA.

47.     As direct, natural, proximate and foreseeable results of the actions of Defendants, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional plain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

48.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant's, which have cause and continued to cause irreparable harm.

49.     Defendant's violation of the ADA-AA was willful.

50.     Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1981a(a)(3).

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a)     judgment in her favor and against Defendant for violation of the disability association provisions of the ADA-AA;

b)     judgment in her favor and against Defendant for damages including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c)     judgment in her favor and against Defendant for her reasonable attorney's fees and litigation expenses;

d)     judgment in her favor and against Defendant for punitive damages;

e)     judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and

f)     Issue an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## TITTLE VII – PREGNANCY DISCRIMINATION

51.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 36 above.

52.     Defendant's action in placing Plaintiff on FMLA leave and later on Leave of Absence, constitutes unlawful pregnancy discrimination against Plaintiff.

53.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a.      judgment in her favor and against Defendant for violation of the anti-discrimination provisions of the Title VII;

b.      judgment in her favor and against Defendant for damages, including lost earning, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct.

c.      judgment in her favor and against Defendant for her reasonable attorney's fees and litigation expenses;

d.      judgment in her favor and against Defendant for liquidated damages pursuant;

e.      declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

f.      an order grating such other and further relief as this Court deems just and equitable under the circumstances of this case.

DATED this 25th day of November, 2019

Respectfully submitted,

*s/Carlos V. Leach*
Carlos V. Leach, Esq.
Fla. Bar No.: 540021
THE LEACH FIRM, P.A.
1950 Lee Road, Suite 213
Winter Park, Florida 32789
Direct: (321) 287-6021
Facsimile: (407) 960-4789
E-mail: cleach@theleachfirm.com
Email: yhernandez@theleachfirm.com

*Attorneys for Plaintiff*